Southworth v. Stamping Ground Turnpike Company.

CASE 89—PETITION ORDINARY—APRIL 18.

# Southworth v. Stamping Ground Turnpike Company.

### APPEAL FROM OWEN CIRCUIT COURT.

1. WHERE A TURNPIKE ROAD COMPANY IS NEGLIGENT IN FAILING TO
   ERECT BARRIERS along an embankment or precipice, and by reason
   of its negligence a traveler is injured, the mere fact that he knew the
   dangerous condition of the road will not preclude him from recover-
   ing against the company. The company, having invited the public
   to travel upon its road for pay, must exercise reasonable care in mak-
   ing the road safe for travel.

2. THE FAILURE OF A TURNPIKE ROAD COMPANY TO ERECT BARRIERS
   along an embankment is negligence, if the declivity is of such a
   character as would suggest to one of ordinary prudence and care the
   necessity of placing a railing or other protection along the road at
   that particular point.

THOMAS R. GORDON FOR APPELLANT.

It was error to instruct the jury in substance that if plaintiff used the
road with knowledge of the defect, he did so at his own peril, and
must take the consequence. (White v. Cincinnati, &c., R'y Co., 89
Ky., 478.)

LINDSAY & BOTTS FOR APPELLEE.

There was no error in the instructions.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant was injured while driving on the turn-
pike of the appellee, his horse becoming frightened,
and going over an embankment that bordered on the
road, carrying with him both buggy and driver, and
now claims damages because, he says, the accident
would not have happened but for the unsafe condi-
tion of the road for travel at the place where it
occurred.

It appears from the testimony that the turnpike at this point is constructed on the side of a hill, with a steep descent below the road, without fence or railing to guard against accidents; that the appellant was driving in a careful manner, and his horse becoming suddenly frightened jumped to one side, and took driver and buggy over the embankment with it. The road or turnpike was not so wide at this point as in other places by reason of the character of the ground over which it ran. The appellant, as well as all others, had the right to use the road on the payment of toll, and paying for this privilege it was the duty of the company to use such reasonable care and diligence as would enable travelers to pass over it with safety.

There being no conflict in the testimony as to the injury, and the manner in which it happened, the court told the jury, "that if the plaintiff knew and saw at the time and place of the accident the condition of the road, and negligently and carelessly drove his horse thereon so that but for his carelessness the accident would not have happened, they must find for the defendant." This instruction should not have been given. It is evident that the appellant saw the condition of the road, and may have known as much about it as the directors, still he had the right to travel over it, and if the declivity below was of such a character as required railing or protection to prevent such accidents as the one complained of, the company is liable. This condition of the road may have existed since it was constructed, yet if the ordinary shying of the horse would likely produce such danger to the traveler by reason of the precipice, it was the

duty of the company to use such precaution as to prevent such accidents; and for the reason that the company has invited the public to travel upon it for pay, reasonable care must be exercised in making the road safe for travel. Was this declivity of such a character as would suggest to one of ordinary prudence and care the necessity of placing railing or other protection along the road at this point to prevent such accident? If so, this appellee is responsible.

The judgment below is reversed, and cause remanded with directions to grant a new trial, and for proceedings consistent with this opinion.